8752

| JOSEPH W. FOSTER, ET AL. | : | NO. 8752. |
|---|---|---|
| versus | : | COURT OF APPEAL |
| SYLVESTER PEETE, ET AL. | : | PARISH OF ORLEANS |

November 13th, 1922.

Court of Appeal,
PARISH OF ORLEANS
FILED Nov. 13/22

BY: WILLIAM A. BELL, JUDGE:

Defendants and appellees have filed a motion to dismiss the appeal now before this Court, on two grounds:

First, because the appeal was not filed in time; second, because the plaintiffs are no longer members of the Orleans Freight Handlers Union, Local, No. 489, the principal defendant and appellee, and are therefore no longer interested in the said matter under litigation.

From a judgment in the Trial Court dismissing an injunction applied for by Joseph W. Foster and fifteen other plaintiffs, an appeal was taken to the Supreme Court, where the said appeal was dismissed for reasons tersely set forth in the syllabus of the said Court, reading as follows:

> "Where the allegation made by appellants, for purposes of appellate jurisdiction, that the amount involved exceeds $2,000 (the lower limit of this Court), is a mere conclusion, and unwarranted by the facts and circumstances of the case, the appeal will be transferred to the Appellate Court having jurisdiction."

The decree of the Supreme Court dismissing the appeal before it, ordered that the appeal be transferred to the Court of Appeal for the Parish of Orleans, provided the same should be lodged in this Court before the expiration of fifteen days after finality of the Supreme Court's decree.

The Supreme Court refused a re-hearing in this matter on June 5, 1922, and it appears from the record that the transcript was filed in this Court on June 17, 1922, well within the fifteen days given for the transfer of appeal. It is apparent, therefore, that the first ground for dismissal of the appeal in this Court is not well founded. There is no merit in the further contention that the Supreme Court is without jurisdiction to transfer an appeal to this Court. La. Constitution 1921, Sec. 10, provides, among other matters governing the jurisdiction of the Supreme Court as follows:

70

<u>JURISDICTION</u>.

"Section 10. The Supreme Court shall have control of, and general supervision over all inferior courts and shall have further jurisdiction as follows: ****

It shall also have original jurisdiction for the determination of questions of fact affecting its own appellate jurisdiction in any case pending before it; and to that end may make such orders and decrees as it may deem proper in the premises."

Defendants and appellees seek to establish their second ground for dismissal of this appeal by affidavits filed herein on June 20, 1922, whereby it is attempted to be proven that Joseph W. Foster and other plaintiffs and appellants have no longer any interest in the subject matter appealed from, there being an affidavit and certain certificates attached to the motion for appeal as proof in support of this second contention.

On the other hand, Joseph W. Foster, himself, and certain other co-plaintiffs in the original suit, have submitted affidavits contradictory of the facts sought to be proven in the motion to dismiss. On the face of the record of appeal, and from documents and affidavits now before us, it is most apparent that the issues arising in this cause are not in ~~affa~~ fact mooted questions, but are such as should be determined for or against the parties litigant, who still appear to have an interest in the subject matter in controversy.

We are therefore of the opinion that the second ground for dismissal of this appeal is also unfounded.

<u>MOTION TO DISMISS APPEAL IS DENIED</u>.

November 13, 1922.